Argued and submitted April 18, affirmed May 27, 1980

SECURITY CREDIT CORPORATION,
*Appellant,*
*v.*
JESSE, et al,
*Respondent.*

(No. 61899, CA 16536)

611 P2d 702

Stanley Fields, Salem, argued the cause and filed the brief for appellant. With him on the brief was Karol Wyatt Kersh & Associates, P.C., Salem.

Michael B. Dye, Salem, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Plaintiff corporation, the assignee of an installment sales contract, sought under a recourse provision of the assignment to recover from defendant assignor amounts owing under the contract after the debtor defaulted. It appeals from an adverse judgment in the trial court, and assigns as error the court's admission over plaintiff's objection of evidence regarding a recourse fund which constituted plaintiff's only source of recovery under the assignment. We affirm.

On October 22, 1976, defendant sold to one Dale Jackman an automobile under an installment sales contract. Thereafter, defendant assigned the contract to plaintiff. On the back of the contract, set off in a box, is a section entitled "ASSIGNMENT BY DEALER" detailing the terms of the assignment. Spaces are provided for the parties to indicate whether the assignment is "With Recourse" or "Without Recourse." An "x" appears by the phrase "With Recourse," and the assignor's signature follows. Dale Jackman failed to make the required payments under the contract. After plaintiff demanded payment from Jackman and was denied, he sought recourse against defendant for the amount owing under the contract, $783.96. When defendant refused to pay, this action ensued.

At trial to the court, evidence was introduced that plaintiff frequently purchased similar installment sales contracts from defendant. Defendant introduced over plaintiff's objection testimony that prior to the assignment of the Jackman contract, the parties had established a recourse fund. Upon each assignment "with recourse," defendant was to deposit 10 percent of the amount owing under the contract into the fund. This fund was to provide plaintiff's sole recourse in the event of default by a debtor under the contract. The trial court found defendant's explanation of the reasons for and operation of the recourse fund agreement to be persuasive, and entered judgment for defendant.

[401]

Plaintiff objected to the testimony concerning the recourse fund on the ground that it was evidence of a prior oral agreement, in violation of the parol evidence rule, codified in Oregon at ORS 41.740. That section provides:

> "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute. However this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. The term 'agreement' includes deeds and wills as well as contracts between parties."

Defendant argues that the testimony was admissible on at least three bases. We address only the first of these, that the testimony was proper under ORS 42.250 to aid the court in interpreting the term "with recourse."

ORS 42.250 provides:

> "The terms of a writing are presumed to have been used in their primary and general acceptation, but evidence is admissible that they have a technical, local, or otherwise peculiar signification and were used and understood in the particular instance, in which case the agreement shall be construed accordingly."

In *Bernard v. First Nat'l Bank,* 275 Or 145, 550 P2d 1203 (1976), the court explained that "It is well settled that the parol evidence rule does not exclude evidence offered to aid the court in its interpretation of the language chosen by the parties." 275 Or at 155. The court stated that ORS 42.250 sets forth the principles

governing the interpretation of language, and authorizes the introduction of evidence to show the terms used have a "technical, local, or otherwise peculiar signification." Accordingly, *Bernard* held admissible evidence that borrowers from defendant banks were aware that the term "per annum" in the written loan agreements refers to 360 rather than 365 days. *See also Johnson v. Northwest Acceptance,* 259 Or 1, 485 P2d 12 (1971); *Card v. Stirnweis,* 232 Or 123, 374 P2d 472 (1962); 3 Corbin, Contracts § 579 (1960).

We find this case to be indistinguishable from *Bernard.* Testimony as to the 10 percent recourse fund was proper to show that the parties attached a particular significance to the term "with recourse" as a result of a prior oral agreement and their course of dealing. That testimony does not contradict the written terms of the contract, but rather explains the meaning of the writing. We hold the trial court did not err in admitting the testimony in question.

Affirmed.